# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JESSE RONALD THOMAS, | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | CASE NO. 5:16-CV-438-LJA-MSH |
| Sergeant GERALD WALKER, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Currently pending are Plaintiff's motions requesting that the Court order Defendants to file an answer (ECF No. 19), for default judgment (ECF No. 21), to amend (ECF No. 24, 25), and to appoint (ECF No. 27).[1] Plaintiff's motion for an answer is denied as moot—without discussion—since Defendants filed an Answer on March 20, 2017. (ECF No. 20.) Similarly, Plaintiff's motion for default judgment is denied as Defendants timely answered. Plaintiff's motion to appoint is denied and his motions to amend are granted as explained below.

## I.  Motion for Default Judgment

Plaintiff moves for default judgment because he believes that Defendants failed to timely answer or otherwise respond to his Complaint. *See* Letter 1, Mar. 25, 2017, ECF No. 21. Service was ordered in this case on January 12, 2017. (ECF No. 13.) The Process Receipt and Return and Waiver of Service of Summons were not mailed until

---

[1] Also pending is defense counsel's motion to withdraw as attorney (ECF No. 23). Since replacement counsel has entered an appearance, that motion is granted.

January 17, 2017. (ECF No. 15.) Defendant Walker filed his waiver of service on February 28, 2017 (ECF No. 19). Defendants then filed an answer by the sixty-day deadline assuming waiver of service—March 20, 2017. (ECF No. 20.)

Rule 55 of the Federal Rules of Civil Procedure provides that a clerk "must enter [a] party's default" when that party "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Federal Rules of Civil Procedure Rule 4 covers the issue of service. Rule 4(d) states that when a waiver of service is requested, as was in this case, a defendant must be given "a reasonable time of at least 30 days after the request was sent" to return the waiver. Fed. R. Civ. P. 4(d)(1)(F). Additionally, if a defendant files a waiver, he has "60 days after the request was sent" to file an answer or responsive pleading to the complaint. Fed. R. Civ. P. 4(d)(3).

As outlined above, Defendants timely filed their answer to the Complaint on March 20, 2017. Defendants are thus not in default. Plaintiff's letter motion seeking default (ECF No. 21) is denied.

## II. Motion to Appoint Counsel

Plaintiff mailed a letter to the Court on April 23, 2017 which was docketed as a motion for appointment of counsel. (ECF No. 27.) This is Plaintiff's second request for appointed counsel. *See* Mot. for Appointment of Counsel, ECF No. 3. As was previously explained to Plaintiff, under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is

a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc). The facts stated in Plaintiff's Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. Plaintiff's renewed motion to appoint counsel (ECF No. 27) is accordingly denied.

### III. Motions to Amend

Plaintiff currently has two motions to amend pending. In the first, filed April 2, 2017, he seeks leave to amend to correct perceived deficiencies in his Complaint. Mot. to Am. 2, ECF No. 24. This motion does not contain a proposed amended complaint. Plaintiff then filed a second motion to amend on April 11, 2017, in which he adds additional factual allegations—primarily concerning exhaustion—and attaches two grievance receipts. Second Mot. to Am. 3, 5-7, ECF No. 25. Both of these motions were filed within twenty-one days after service of the Answer. Since Plaintiff's first motion to amend did not contain a proposed amended complaint, the Court construes the two motions together and grants Plaintiff's request to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). The allegations in the Amended Complaint filed on April 11, 2017, and the documents attached thereto, shall be considered in this

case. No preliminary review of Plaintiff's Amended Complaint is necessary at this time as Plaintiff does not add any new claims or parties.[2]

## CONCLUSION

For the reasons explained above, Plaintiff's motion to answer (ECF No. 19), motion for default (ECF No. 21), and motion to appoint (ECF No. 27) are denied. Plaintiff's motions to amend (ECF No. 19, 24) are granted.

SO ORDERED, this 10th day of May, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that Plaintiff corrected Defendant Sumpter's name in the Amended Complaint—he has previously been referred to as "Sumpter Thomas" instead of "Thomas Sumpter." The Clerk is directed to correct Defendant Sumpter's name on the docket.